# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

   v.                                                                  **Case No. 06-CR-209**

**KING SMITH**
       **Defendant.**

## DECISION AND ORDER

Defendant King Smith moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's recent amendment to the crack cocaine guidelines. While the Commission has lowered defendant's guideline range, making him eligible for a reduction under the statute, for the reasons that follow I decline to so exercise my discretion.

## I. BACKGROUND

Defendant pleaded guilty to possession of cocaine base with intent to deliver, 21 U.S.C. § 841(a)(1) & (b)(1)(C), and possession of a firearm as a felon, 18 U.S.C. § 922(g). At sentencing, which took place on June 12, 2007, I adopted a base offense level of 24 on the drug count, U.S.S.G. § 2D1.1(c)(8) (2006),[1] then added 2 levels under § 2D1.1(b)(1) based on defendant's possession of a firearm. On the firearm count, I adopted a base level of 20 under U.S.S.G. § 2K2.1(a)(4), then added 4 levels under § 2K2.1(b)(6) because defendant possessed the gun in connection with another felony offense, i.e. crack distribution. I then grouped the two counts under § 3D1.2(c) and subtracted 3 levels for acceptance of responsibility under §

---

[1]Defendant possessed 4.17 grams of crack.

3E1.1, producing a final offense level of 23. Coupled with defendant's criminal history category of VI, I adopted a guideline imprisonment range of 92-115 months. United States v. Smith, No. 06-CR-209, 2007 WL 1726453, at *1-3 (E.D. Wis. June 14, 2007).

Defendant requested a sentence below that range based primarily on the guidelines' treatment of 1 gram of crack the same as 100 grams of powder cocaine. While rejecting defendant's proposed sentence of 48 months as too lenient, I found some of the concerns motivating the Sentencing Commission's criticism of the 100:1 ratio present in this case and accordingly imposed a below-guideline sentence of 78 months. This sentence varied from the range by about 2 levels. Smith, 2007 WL 1726453, at *5-6.

## II. DISCUSSION

### A. Section 3582(c)(2) Standard

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Commission designates amendments for retroactive application under § 3582(c)(2) in policy statement 1B1.10(c). See U.S.S.G. § 1B1.10 cmt. n.1(A).

Effective November 1, 2007, the Commission reduced offense levels in crack cocaine cases by 2, then made the changes retroactive effective March 3, 2008. See U.S. Sentencing Commission Guidelines Manual, Supplement to Appendix C 226-31, 244-53 (Amendments 706 & 712). Therefore, defendants generally may rely on the amended crack guidelines to seek

2

sentence reductions under 18 U.S.C. § 3582(c)(2).

However, a defendant is not entitled to an automatic discount just because his guideline range has been lowered. United States v. Reid, 566 F. Supp. 2d 888, 893 (E.D. Wis. 2008) (citing United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); United States v. Marshall, 83 F.3d 866, 869 n.3 (7th Cir. 1996)). Rather, § 3582(c)(2) directs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in order to decide whether to exercise its discretion to lower the sentence and, if so, to what extent. The Commission has provided additional guidance for deciding a § 3582 motion, advising the district court to consider, in addition to the § 3553(a) factors, the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n.1(B) (2008). The Commission has further indicated that:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (2008).

**B.  Analysis**

In order to decide defendant's motion, I must determine (1) whether his range has been lowered by the Commission's Amendment 706 and (2) if so, whether I should exercise my discretion to reduce the sentence. See United States v. Biami, 548 F. Supp. 2d 661, 666 n.4 (E.D. Wis. 2008). Defendant prevails on the first question, but not the second.

3

### 1. Defendant is Eligible for a Reduction

Under the amended guidelines, defendant's base offense level on the drug count drops from 24 to 22 under U.S.S.G. § 2D1.1(c). Adding the 2 level enhancement for firearm possession under § 2D1.1(b)(1), the adjusted level on the drug count is now 24. The guidelines applicable to the firearm count remain as they were: base level 20 under U.S.S.G. § 2K2.1(a)(4), plus 4 under § 2K2.1(b)(6). The two counts would again be grouped under § 3D1.2(c). Following a 3 level reduction for acceptance under § 3E1.1, the amended final offense level is 21, and the new range 77-96 months. Because the amended range is lower than the original range, defendant is eligible for a reduction in his sentence under § 3582(c).

### 2. No Further Reduction is Warranted

For several reasons, I decline to exercise my discretion to reduce defendant's sentence. First, as discussed above, at defendant's original sentencing I imposed a sentence 2 levels below the range based primarily on the guidelines' disparate treatment of crack cocaine versus powder cocaine. This non-guideline sentence essentially afforded defendant the same consideration provided by the Commission's Amendment 706. As I stated in <u>Reid</u>, 566 F. Supp. 2d at 895, "if at the time of the original sentencing the court accounted for the [crack/powder] disparity, a further reduction based on the new crack guidelines may not be warranted."[2] Under the circumstances of this case, where I fully considered the Commission's criticisms of the 100:1 ratio – which motivated the adoption of Amendment 706 – a further

---

[2] As I also discussed in <u>Reid</u>, while the Commission discourages a further reduction under § 3582(c)(2) when the original sentence represented a <u>Booker</u> variance (as opposed to a traditional departure), it makes more sense to analyze the <u>reasons</u> for the variance. If the variance was based on the crack/powder disparity, a further reduction under Amendment 706 may not be warranted. If the court declined to consider the disparity initially, a reduction is likely warranted. 566 F. Supp. 2d at 894-95.

4

reduction would not promote respect for the law or advance the other purposes of sentencing embodied in the Amendment.[3]

Second, as I also discussed in declining to impose a lesser term originally, satisfaction of the purposes of sentencing required a significant sentence given the specific circumstances of this case. Defendant had a serious criminal record, including a prior drug distribution case for which he was sentenced to 18 months in prison in 2003. He was released from that sentence in 2005 and committed the instant offenses just one year later. I was also troubled by defendant's possession of security monitors at his residence. Defendant primarily lived off social security disability benefits for many years, yet his disabilities did not prevent him from setting up a fairly sophisticated drug operation. Smith, 2007 WL 1726453, at *6. Finally, I had to consider defendant's unlawful possession of a firearm. The guideline range on that count alone was 77-96 months, regardless of any problems with the crack guideline. For all of these reasons, I conclude that a reduced sentence would fail to sufficiently punish defendant based on some of the aggravated circumstances of the offense, or to protect the public and deter defendant from committing future crimes given his history.[4]

---

[3]The original sentencing in this case occurred after the Seventh Circuit's decision in United States v. Jointer, 457 F.3d 682 (7th Cir. 2006) (holding that the district court may not reject the 100:1 ratio but rather must "refract" any problems with the ratio through the circumstances of the particular case), vacated, 128 S. Ct. 855 (2008), and before the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007) (holding that the district court may conclude that the 100:1 ratio produces a sentence greater than necessary even in a mine-run case). Nevertheless, I recognized during defendant's sentencing that the "guidelines are no more binding in crack cases than in any other kind of case," Smith, 2007 WL 1726453, at *5, and afforded defendant all of the consideration I found appropriate based on the problems with the 100:1 ratio.

[4]Defendant presents no evidence of his post-sentencing conduct. He does in his motion ask me to re-sentence him under the advisory guideline regime created by Booker. See United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007) (holding that Booker applies to re-sentencing

5

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to modify his sentence (R. 42) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

under § 3582(c)(2)). Because I decline to exercise my discretion to reduce defendant's sentence in any amount, I need not decide whether Booker applies in this context.